United States District Court
Southern District of Texas
ENTERED
September 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIUSMILIA RODRIGUEZ ULLOA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6455 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Liusmilia Rodriguez Ulloa ("Petitioner"), a citizen of Cuba, entered the United States without inspection on July 23, 2022.[1] On July 24, 2022, Petitioner was served with a Notice to Appear, charging her with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] On March 10, 2026, Petitioner was taken into immigration custody.[3] On June 15, 2026, an immigration judge ordered Petitioner removed to Cuba.[4] Petitioner has appealed that decision and remains in immigration custody.[5]

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Based on New Facts and Claims Arising After July 20, 2026) ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 8; Notice to Appear, Exhibit 1 to Motion to Stay and in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 8-1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 8-1, p. 1.

[3]Respondents' MSJ, Docket Entry No. 8, p. 3.

[4]Id.

[5]Id.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1) and Emergency Motion for Temporary Restraining Order and Order to Show Cause (Fed. R. Civ. P. 65) (Docket Entry No. 3). Petitioner argues that her detention without a bond hearing violates due process.[6] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 8). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because she is an applicant for admission.[7] Petitioner has filed a response.[8]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi,166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Based on New Facts and Claims Arising After July 20, 2026) (Docket Entry No. 1) and

---

[6]Habeas Petition, Docket Entry No. 1, p. 5 ¶¶ 16–18.

[7]Respondents' MSJ, Docket Entry No. 8, pp. 1–2.

[8]Petitioner's Response in Opposition to Respondent's Motion to Stay and, in the Alternative Motion for Summary Judgment, Docket Entry No. 9.

Emergency Motion for Temporary Restraining Order and Order to Show Cause (Fed. R. Civ. P. 65) (Docket Entry No. 3) are **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 29th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE